UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ELISCO EDGERS,**

    *Plaintiff*,

v.                                                                            **Case No. SA-22-CV-0996-JKP**

**PNC FINANCIAL SERVICES
GROUP,**

    *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions to dismiss (ECF Nos. 16 and 18) filed by Defendant PNC Bank, N.A. After the first motion garnered a response, *see* ECF No. 17, Defendant filed the second motion and a reply brief (ECF No. 19). The reply brief indicates that Defendant filed the second motion only to attach a certificate of conference. *See* ECF No. 19 at 2-3. The otherwise identical motions are ready for ruling.

On September 27, 2022, Plaintiff filed an Advisory to the Court (ECF No. 7) stating an intent to file an Amended Complaint "in an effort to cure deficiencies regarding Plaintiff's Original Petition." He did this in response to discussions concerning this Court's Standing Order (ECF No. 3). *See* ECF No. 18 at 10 (Certificate of Conference). On October 5, 2022, Plaintiff filed his Amended Complaint (ECF No. 13), substituting "PNC Bank, National Association" for the originally named Defendant PNC Financial Services Group, and removing his claim for slander. Plaintiff neither amended nor substantiated his factual allegations to support his claim for discrimination under 42 U.S.C. § 1981.

Through his Amended Complaint, Plaintiff brings a single claim against Defendant under 42 U.S.C. § 1981. *See* Am. Compl. The case concerns events in July 2022 when Defendant falsely

accused Plaintiff of attempting to cash a fraudulent check. *Id.* ¶ 6. He contends that he "was subjected to racial profiling" based on the following alleged facts:

> (1) he presented a check he received for payment for damage done by the drafter's van;
>
> (2) the teller took the check and two forms of identification around the bank looking for authorization;
>
> (3) the teller discussed the matter with a manager in front of a customer;
>
> (4) that discussion indicated that bank personnel viewed the as a possible fraudulent check;
>
> (5) the manager stated "we can't cash this check right now until we go through our procedures and even then I guarantee we won't be able to cash it because it looks like a fraudulent check and the company has a protection sign on the check and there are too many signs that point as a bad check";
>
> (6) Plaintiff asked for the check and his identification so that he could take them to his bank;
>
> (7) bank employees refused that request claiming the check could be fraudulent;
>
> (8) Plaintiff left the bank to retrieve his cell phone to caller the check drafter;
>
> (9) the bank door was locked upon his attempt to re-enter;
>
> (10) Plaintiff regained entry and the bank manager spoke to the drafter on the phone; and
>
> (11) the bank cashed the check.

*Id.*

Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(6) under the well-established standards for stating a claim set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Among other things, a § 1981 claim requires allegations that the defendant intended to discriminate on the basis of race. *See Morris v. Dillard's Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001) (addressing elements in context of summary judgment). For a § 1981 claim, the "plaintiff must initially plead and ultimately prove that, but for

race, [the plaintiff] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

Direct or circumstantial evidence may provide plaintiffs with a basis for allegations of racially motivation or animus. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017). But "'naked allegation[s]' of discriminatory intent are too conclusory to survive a motion to dismiss." *Id* (quoting *Albert v. Carovano*, 851 F.2d 561, 572 (2d Cir. 1988) (en banc)). Nevertheless, "[a]n allegation that similarly situated non-minorities received better treatment 'could create the necessary inference and set the predicate for establishing the section 1981 claim.'" *Id.* (quoting *Crosby v. Kilgore*, 9 F.3d 104, 1993 WL 481800, at *1 (5th Cir. 1993) (unpublished)).

In this case, Plaintiff provides no allegations to support the latter predicate for his § 1981 claim. His factual allegations are simply too conclusory to overcome Defendant's motion. To survive a motion to dismiss, factual allegations "must raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiff's amended complaint does not exceed that threshold. To infer discriminatory intent on the facts alleged amounts to no more than sheer speculation. The alleged facts do not suggest that the alleged actions occurred because of Plaintiff's race. The alleged facts instead seem to show bank personnel taking safety precautions when presented with a check that appeared fraudulent in certain respects. On the facts alleged here, even when viewing them in the light most favorable to Plaintiff, the Court grants the motion to dismiss.

In general, the Court considers whether it should grant a plaintiff leave to amend when it has determined that Fed. R. Civ. P. 12(b)(6) warrants dismissal. Leave to amend is not required, however, when plaintiffs have already pled their "best case." *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam). *Id.* at 768. Whether to grant leave to amend is within the

Court's sound discretion. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Notably, a "party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals." *Id*.

Plaintiff has not asked to amend his complaint. Moreover, according to Defendant's certificate of conference attached to the second motion to dismiss, it complied with this Court's standing order and Plaintiff did not amend his complaint as to his § 1981 claim. *See* ECF No. 18 at 10. The Court's Standing Order is intended to advance cases efficiently and to minimize the cost of litigation. *See* ECF No. 3 at 1. Through this Standing Order, "the Plaintiff has already been provided notice of the proposed deficiencies and the opportunity to amend the pleading prior to the filing of a Motion to Dismiss." *Id*. Thus, "if the Court finds any Motion to Dismiss has merit, the Plaintiff shall not be allowed an additional opportunity to amend its Complaint following a properly filed Motion to Dismiss." *Id*. at 1-2 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002)). Based upon all of the foregoing, the Court finds that Plaintiff has stated his best case and thus declines to exercise its discretion to permit the filing of an amended complaint.

For the foregoing reasons, the Court **GRANTS** the two motions to dismiss (ECF Nos. 16 and 18) filed by Defendant. Because Plaintiff's allegations fail to state a plausible claim under *Twombly* and *Iqbal*, the Court **DISMISSES** this action with prejudice. It will separately issue a final judgment in accordance with Fed. R. Civ. P. 58.

**It is so ORDERED this 20th day of June 2023.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**